## FORNEY v. ENGINEERING NEWS PUB. CO.

*(Supreme Court, General Term, First Department.* June 26, 1890.)

USE OF TRADE NAME—INJUNCTION.

Plaintiff issued a monthly periodical named "The Railroad and Engineering Journal," the result of the consolidation of two periodicals he had purchased, one of which was known as "The American Railroad Journal." Defendant published a weekly periodical called "Engineering News and American Railway Journal." In an action to enjoin defendant from using the words "Railway Journal" it appeared that plaintiff's paper had but a limited circulation, and there was no evidence showing actual confusion in any instance from the claimed similarity in names, while the titles, as printed, indicated possibility of error from plaintiff's use of the term "Engineering" rather than the defendant's use of the words "Railway Journal." *Held,* that relief sought was properly denied.

Appeal from special term, New York county.

Action by Matthias N. Forney against the Engineering News Publishing Company to restrain defendant from using the words "Railway Journal" in the sub-title of its periodical named "Engineering News and American Railway Journal." The complaint was dismissed, and the following opinion rendered: "BEACH, J. In January, 1887, plaintiff issued the first number of a monthly periodical named 'The Railroad and Engineering Journal.' In 1886, he had purchased, for five hundred dollars each, two monthly publications called, respectively, 'The American Railroad Journal,' and 'Van Nostrand's Engineering Magazine.' The issue of January, 1887, was the result of consolidation. There is slight proof tending to show that the 'American Railroad Journal' was to a limited extend known, and sometimes spoken of, without the prefix of 'American.' The defendant publishes a weekly periodical now named 'Engineering News and American Railway Journal.' It is the outcome of a prior publication first called 'The Engineer and Surveyor;' then 'The Engineer, Architect, and Surveyor;' then 'The Engineering News;' then with an addition of 'American Contract Journal;' and, lastly, 'Engineering News and American Railway Journal,' since February, 1888. The defendant's paper seems to be usually called 'The Engineering News,' and the letter-heads, stamped envelopes, and subscription orders bear the abbreviated title only. I think it a fair deduction from the evidence that plaintiff's paper is sometimes called 'Forney's Paper,' and 'Forney's Railroad Journal.' Upon these facts the plaintiff prays the court to enjoin the defendant from using the words 'Railway Journal' in its title. To grant this relief would, in my opinion, extend the exercise of equitable power beyond the limits ever before reached by adjudication. Above and beyond the technical rules regulating the application of equitable relief lies the broad principle, necessitating a living equity in a plaintiff's case rather than a skeleton only held together by the thin wire of abstruse reasoning. In the case at bar, plaintiff's publications have but a limited circulation, and there is an utter absence of evidence even tending to show actual confusion in any instance from the claimed similarity in name, while the titles as printed, instead of indicating possibility of error from defendant's use of the words 'Railway Journal,' rather show probable confusion and mistake from plaintiff's use of the term 'Engineering.' Considering the titles in full I cannot see any real similitude. To select therefrom two words which are not the popular appellation of either or both, and enjoin their use by defendant, would unnecessarily extend the boundary line limiting the discreet exercise of equitable power. I should question the propriety of its exercise upon the sole fact that one publication was called 'The Railroad Journal,' and another 'The American Railway Journal.' Extrinsic facts, such as resulting confusion, intent to imitate, probable imposition upon subscribers or purchasers, would be needful where resemblance is so slight. The learned counsel for plaintiff relies mainly upon the case of *American Grocer Pub. Ass'n* v. *Grocer Pub. Co.,* 25 Hun.

398.   The proof showed there that the plaintiff's paper was known and commonly called 'The Grocer.'   One Price was its editor until 1875, when he ceased to act, and began the publication of a new paper called 'The Grocer,' issued December 11, 1875, published on same side of same street and block as the plaintiff's, and when plaintiff removed to another locality the defendant followed.   In addition there was some evidence of business confusion, united with the marked similarity in name, in fact, and of exactness in common designation.   The cases cited by the learned justice also show an imitation lacking in this case.   In *Howard* v. *Henriques*, 3 Sandf. 725, the titles were 'Irving House' and 'Irving Hotel.'   In *Clement* v. *Maddick*, 5 Jur. (N. S.) 592, the use of words 'Bell's Life' in newspaper titles was enjoined because plaintiff's journal was familiarly known by that name.   In *Ingram* v. *Stiff*, Id. 947, the names were alike.   The French adjudications are upon like facts.   The 'Moniteur Universal' and 'The Moniteur Official,' because it *incontestably* appeared that the former was always known as 'The Moniteur;' others, 'The Press' and 'The Free Press,' 'The Petit Journal' and 'The Petit Journal de la Somme.'   The principle is that there must be an adaptation of plaintiff's title either exact or to an extent sufficient to show an appropriation of words producing similitude in the titles themselves, or from well-established popular designation.   Within this principle the plaintiff has failed to bring his case by proofs, and the relief sought by his bill of complaint must be denied.   Decree for defendant, with costs."

Plaintiff appeals.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Rowland Cox*, for appellant.   *J. W. Hawes*, for respondent.

VAN BRUNT, P. J.   It does not seem necessary to discuss at large the questions presented upon this appeal.   The facts are distinctly stated in the opinion of the court below, and the grounds upon which the relief should be refused to the plaintiff are there correctly set forth.   The cases of *Stokes* v. *Allen*, 9 N. Y. Supp. 846, (decided at the May term of this court,) and *Richardson* v. *Richardson*, 8 N. Y. Supp. 52, also serve to illustrate the correctness of the conclusions arrived at.   The judgment should be affirmed, with costs.   All concur.