FRANK D. CRIM et al., Executors, etc., Respondents, *v*. RUFUS G. STARKWEATHER, Impleaded, etc., Appellant.

A fact once determined upon conflicting evidence, according to some one of the usual modes of trial, when the determination is approved by the General Term, is deemed to be conclusively established upon any review of the judgment in this court.

Where there is any evidence to sustain the finding of a referee, his refusal to find a fact which is but a link in a chain of propositions, logically leading to a different result, is not erroneous.

(Submitted October 25, 1892 ; decided November 29, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made February 3, 1891, which affirmed a judgment in favor of plaintiffs entered upon the report of a referee.

This was an action to recover the amount, with interest, of five drafts sent to the National Park Bank of New York by Justus S. F. Crim, deceased, plaintiffs' testator, and credited to the firm of Crim & Starkweather.

The facts, so far as material, are stated in the opinion, which is given in full.

" This case has been twice tried before very able referees and has been twice before the General Term. It is now before this court for the second time and the appeal is supported by a very able and interesting argument addressed to us by the learned counsel for the defendant, the leading feature of which is that the findings of the referee are not sustained by evidence. The facts and circumstances upon which this large judgment is based are quite peculiar, and we have, therefore, carefully considered all the evidence contained in the record and every suggestion to be found in the elaborate briefs of counsel. The case in its very nature is calculated to provoke a serious contest and to give rise to conflicting views and opinions with respect to the facts. Such controversies must be deemed to be ended at some time and we think that this case has now reached that stage. The original plaintiff, Justus S. F. Crim, brought the action in 1878 and died in 1881, just before the defendant's first appeal to this court. The present plaintiffs are his per-

sonal representative who have been substituted in his place. Substantially all the material evidence in the case was given during the lifetime of the original plaintiff. The referee has found that on the 9th of March, 1874, the defendant Starkweather and one William T. Crim, the son of the original plaintiff, who made no defense to the action, entered into a copartnership in the banking business at Beloit in the state of Wisconsin. That during that year from August 21, to and including December 15th, the plaintiff advanced to the firm by means of drafts purchased and placed to its credit in New York, the sum of $8,200, and that sum with interest from the date of the advances respectively it has been held that the plaintiffs were entitled to recover. The defense was that the several drafts purchased by the plaintiff and placed to the credit of the firm were not loaned or advanced to the firm, but were loans or gifts to the son William T. Crim, individually, and were intended to constitute the capital that he was to put into the banking firm. All the evidence in the case was intended to bear directly or remotely upon this issue and the question that the referee had to deal with was one of fact which he found in favor of the plaintiff.

" The plaintiff testified that he advanced the money to the firm upon orders sent to him by telegraph and signed in the firm name. It is true that the telegrams were not produced, as the plaintiff claimed that they had been destroyed, but the operator who sent them, swore to their form and contents and a clerk or employee of the banking firm who wrote some of them and saw the others, also gave testimony on this point. The defendant Starkweather swore that he knew nothing about the transaction and it is not probable that he did, but the transaction was so far as the plaintiff was concerned within the scope of the partnership business, and it was enough for him to show that in making the loans one of the partners participated and acted in the partnership name. Other evidence was given in behalf of the defendant tending to show that the plaintiff understood and treated the advances as made to his son individually. This was the question of fact around which the parties contended. It is quite clear that there was evidence on both sides of the question for the consideration

of the referee and even if this court was of the opinion that the weight and preponderance of the evidence was in favor of the other view, still the finding would have to be regarded as conclusive. Under our system of administering justice a fact once determined according to some one of the usual modes of trial upon conflicting evidence and approved by the General Term, is deemed to be conclusively established upon any review of the judgment in this court. As there is evidence to sustain the findings of the referee, this court cannot interfere with the judgment on the facts without disregarding a rule long and firmly established. The learned counsel for the defendant presented to the referee a chain of propositions all leading to a contrary conclusion from that reached by him in his report. These requests were refused and the defendant's counsel excepted. The various propositions constitute an argument addressed to the referee upon the facts and he refused to find the conclusion to which all of them pointed, but did find the contrary and their finding is sustained by evidence. Under these circumstances the refusal of the referee to find a fact which was but a link in the chain of propositions logically leading to a contrary result was not error. It was but the refusal to find in the abstract what he had already refused to find in the concrete. As they now appear in the record and considered with the report, most of them are immaterial. The rest, even if material in any view of the case, were not so conclusively established as to predicate error upon a refusal to find. We think that the record does not disclose any legal error that would warrant us in interfering with the judgment and it should therefore be affirmed."

*George W. Smith* for appellant.

*John D. Kernan* for respondent.

O'BRIEN, J., reads for affirmance.
All concur, except EARL, Ch. J., taking no part.
Judgment affirmed.