Per Curiam.
The important and controlling issue in this case was one of fact. It involved the question, not of the existence of a partnership, for that seems to have been conceded by the defendant, but of its extent. The plaintiff claimed a one-half interest in the profits of the adventure, and the defendant insisted that he was entitled to only a third. After a protracted trial before a referee, in which the defendant seems to have been accorded every opportunity for a full presentation of his case, the referee has found in favor of the plaintiff’s contention. There is no exception to any finding of fact, or to the refusal to find any fact, and this courtcannot, therefore, review any finding, or refusal to find, even upon the ground that the finding is not supported by evidence, or that the uncontradicted testimony established the facts which the referee refused to find, which is the extent of our power to review upon the facts. The defendant has excepted only to the conclusions of law; and as the facts 'found abundantly sustain the legal conclusions of the learned referee, these exceptions do not present any error which requires a reversal of the judgment.
We have carefully examined the exceptions taken during the course of the trial which have been called to our attention, and do not find any which we regard as tenable. The statements furnished by the witness Gridley from the books of the firm were admissible against the defendant. He was the bookkeeper of the firm, employed by the defendant, and who kept t,he books under *359 special instructions from the defendant. He was authorized by the defendant to furnish these statements to the plaintiff, and his acts, declarations and communications, while engaged in the employment and relating to the information which he was instructed to give, were competent evidence against his principal.
While the plaintiff put in evidence the books kept by the defendant of the partnership transactions, he was not concluded by the entries made therein of credits to the defendant. He might show that they were fictitious or represented expenditures foreign to the business of the firm, or were for any other reason not allowable.
The offer to prove by the son of defendant that he had been paid $10,000 under an agreement between his father and plaintiff, was not admissible under any issue raised by the pleadings which we have been able to discover. The defendant, however, subsequently testified to the same fact without objection, and the evidence was, therefore, before the court for whatever it might be worth.
There is a multitude of minor exceptions, but they are all destitute of any substantial merit. The action was upon the equitable side of the court to establish a partnership and for an accounting. In such case exceptions to evidence should be disregarded, unless the appellant can show that injustice has been done upon the whole case, or that the ruling complained of may have affected the result.
We think the defendant has entirely failed to point out any prejudicial error, and the judgment must be affirmed, with costs.
All concur.