## SOCIAL REGISTER ASS'N v. HOWARD.

(Circuit Court, D. New Jersey. February 16, 1894.)

TRADE-MARK—INFRINGEMENT—SOCIAL REGISTER.

The words "Social Register," as applied to a list of persons resident in a certain locality, compiled by its publisher with reference to the personal and social standing of such persons, constitute a valid trade-mark, and their use by the publisher of a competing list will be restrained.

In Equity. On motion for injunction pendente lite. Bill by the Social Register Association against Frank Howard. Motion granted.

G. G. Frelinghuysen, for complainant.
John Albert McGown, for defendant.

GREEN, District Judge. The complainant has for a number of years published in the city of New York, under the distinctive name and title of "Social Register," a list of the names and resi-

dences of certain persons living in, and in the immediate vicinity of, New York City, including the town of Orange, N. J. These publications were at first monthly, but soon became, and are now published, quarterly. They are prepared with great care, not only as to the facts contained, but as well as regards the personal social standing of those whose names are "selected" for publication. The publication was evidently one of value to those who desired a list of this character, and speedily became pecuniarily remunerative to its projector. The Social Register was thoroughly well known, and to some extent might be regarded as authority upon the matter it concerned itself with. It coming to the knowledge of the complainant that the defendant, Frank Howard, had published a similar list of persons residing in Orange, N. J., which he called "Howard's Social Register," and which publication bore some resemblance to the complainant's publication, it caused notice to be served upon him, forbidding him to use the title "Social Register," which it claimed had become its property by virtue of its prior and distinctive use of those words, as a trade-mark. The defendant not heeding this notice, the complainant has filed its bill of complaint against him, for injunction and relief, and now moves for an injunction pendente lite, forbidding the defendant from using, as a title to his publication, the words "Social Register."

These words "Social Register" are clearly selected arbitrarily to designate the publication of the complainant, and cannot be properly called descriptive, in any sense. Hence, the words, when chosen, associated together, and applied to a list of persons selected at will by the compiler, as in the case at bar, become a trade-mark, and are entitled to protection as such. It is not necessary to cite authorities to sustain this statement. If this be so, undoubtedly the complainant is entitled to protection from any encroachment upon its acquired rights to the sole use of the terms so employed. Now, it can scarcely be doubted that to permit the defendant to use the same words to designate a similar publication, which is admittedly a rival, so far, at least, as the town of Orange may be concerned, would be to give to the defendant the advantage of the prestige which has already crowned the complainant's publication, and, while thus benefited, the defendant would, in equal degree, inflict damage, pecuniary in character, upon the complainant. This a court of equity should refuse to do. It should be its purpose and object, in matters of this sort, to prevent one from stealing away, unfairly, the business and good will which have been acquired by another. While fair competition promotes the public good, and is to be encouraged, unfair competition, based upon unlawful tactics, should be enjoined. The motion for injunction pendente lite is granted.