ALEXANDER R. GEBBIE and Another, Respondents, *v.* LOVITT E.
STITT, Appellant.

*Name of a place as a trade mark — fraudulent use thereof by another — a preliminary
injunction not interfered with on appeal.*

The name of a place may be adopted and used as a trade mark, and the right of
protection against an infringement upon such use is not necessarily dependent
upon the proprietary right in such name, or the exclusive right to its use, but
when another resorts to the use of such name fraudulently, as an artifice or
contrivance to represent his goods or business as being that of the person so pre-
viously using it, and to induce the public so to believe, the court may, as against
him, afford relief to the party injured.

In such case the discretion of the Special Term, in refusing to dissolve a prelimi-
nary injunction order granted in an action brought to restrain the use of such
name by the defendant therein, will not be interfered with upon appeal.

APPEAL by the defendant, Lovitt E. Stitt, from an order of the Supreme Court, made at the Jefferson Special Term on the 5th day of May, 1894, and entered in the office of the clerk of the county of Lewis, denying the defendant's motion to dismiss and dissolve a preliminary injunction granted in the action on the 12th of April, 1894.

The preliminary injunction order restrained the defendant until the further order of the court " from manufacturing, selling, or in any way or manner disposing of or causing to be disposed of, sold or manufactured, plows, bearing in any manner or form whatever the name ' Deer River ' as a name or trade mark, or any name like or similar thereto, which might deceive or tend to deceive the public to plaintiffs' harm."

The injunction was originally granted *ex parte* on the verified complaint and accompanying affidavits of the plaintiff Gebbie and one Bowman. The defendant, upon the same papers upon which the injunction was granted and on the affidavit of the defendant, moved at Special Term to vacate it. In opposition thereto further affidavits were used by the plaintiffs and the order was then made which is appealed from.

*H. C. Cook,* for the appellant.

*Frank Bowman,* for the respondents.

MERWIN, J. :

" Deer River " is the name of a village and post office in the town of Denmark, in the county of Lewis. Prior to 1891 the plaintiff Gebbie had for many years been engaged at that place in the manufacture and sale of a certain kind of plow, having stamped upon the top of the beam the name " Deer River " as a trade mark, and it was known generally to the public as the " Deer River Plow." An extensive and lucrative business had been established, and the name " Deer River," as applied to that particular kind of plow as a trade mark, had become of great value and relied on by the public as a guaranty of a good article. Early in 1891 the plaintiffs became the owners of the manufacturing plant, the good will in said plow, together with the tools and fixtures and patterns used in its manufacture, and removed the plant to Lowville, in the same county,

where they have since, under the name of the Lowville Iron Works, been engaged in the manufacture and sale of the said plow and the use thereon of the trade mark " Deer River." In 1893 the plaintiff Gebbie sold to the defendant the plow factory building at Deer River, upon the representation of the defendant that he purposed to make the same into a blacksmith and general repair shop. Instead of doing that, he began, in or about March, 1894, the manufacture of plows in imitation of the plaintiffs' plow. The defendant was a former employee of the plaintiffs and had aided them in preparing their plow for the trade. It is alleged in the complaint, and not denied by defendant, that, in a way unknown to the plaintiffs, and without their knowledge or consent, he had obtained duplicates of the patterns used by plaintiffs in manufacturing the plow, and that thereupon he began at the village of Deer River the manufacture of plows in imitation of plaintiffs' plow for the general trade from the duplicate patterns and bearing the name " Deer River."

The defendant in his affidavit states that in May, 1893, he purchased of Gebbie the foundry and building, shops and fixtures, known as the Deer River Plow Foundry or factory, and that at that time there was on the top of the factory building and bolted on the same a plow on which was plainly marked the words " Deer River," which passed with the building; that the foundry or factory there has been known for many years as the Deer River Foundry or factory, and that the defendant now is, and has been since May, 1893, engaged there in the manufacture of plows, but not of the same plow which is manufactured by plaintiffs at Lowville, or was formerly manufactured by them, or either of them, at Deer River ; that the name which he uses in connection with the plow was not used as a trade mark, but simply as an advertisement for the public as a geographical name of the place where the plow was manufactured. He does not deny that he purchased the premises of Gebbie for the purpose of making the same into a blacksmith and general repair shop. He alleges that the plaintiffs, after moving to Lowville, abandoned the use of the words " Deer River," but this is fully met by the plaintiffs' opposing affidavits.

The plows manufactured by defendant have on the top of the beam the words " Deer River," and on the side of the beam the words " Lovitt E. Stitt, Manufacturer, Deer River, N. Y." The plows

manufactured by plaintiffs have on the top of the beam the words "Deer River," and on the side in one pattern the words "Lowville Iron Works Co., Lowville, N. Y.," and in another pattern the words "Lowville, N. Y."

In the plaintiffs' opposing affidavits it was shown that the defendant or his agents were advertising his plow as the "genuine old original Deer River plows," and represented that it was identical with the plow manufactured by the plaintiffs and their predecessors.

In *Newman* v. *Alvord* (51 N. Y. 189) it was held that the name of a place may be adopted and used as a trade mark. The right of protection against an infringement upon such use is not necessarily dependent upon a proprietary right in it or the exclusive right to its use, but when another resorts to the use of it fraudulently, as an artifice or contrivance to represent his goods or business as that of the person so previously using it, and to induce the public to so believe, the court may as against him afford relief to the party injured. (BRADLEY, J., in *Koehler* v. *Sanders*, 122 N. Y. 74; *Meneely* v. *Meneely*, 62 id. 427.)

In *Wotherspoon* v. *Currie* (L. R. [5 Eng. & I. App.] 508) it was held that the name of a place may become a trade denomination and as such the property of a particular person who first gives it to a particular article of manufacture, and the employment of the name by another person for the purpose of describing an imitation of that article is an invasion of the right of the original manufacturer who is entitled to protection by injunction. Of this case Judge EARL in the *Newman* case says: "In that case the plaintiffs, and those to whom they succeeded, had formerly carried on the business of starchmakers at Glenfield, near Paisley, and their starch had become known in market and was sold as Glenfield starch. After the plaintiffs' starch had become thus known, they removed their starch works from Glenfield to another small place near Paisley, and there continued to manufacture their starch, which continued to be known and sold as Glenfield starch. The defendant afterward commenced to manufacture starch at Glenfield, and placed on the labels upon his packages of starch the word Glenfield, and sold his starch as Glenfield starch. He claimed the right to do this because his starch was made at Glenfield and the plaintiffs' was not. But it appeared that he used the word Glenfield for a fraudulent purpose.

to increase his sales at the expense of the plaintiffs, by inducing the public to purchase his starch under the belief that it was the starch made by the plaintiffs, and it was held that the plaintiffs were entitled to be protected in the use of the word as their trade mark. The defendant could truthfully apply the word Glenfield to his starch, but he was restrained because he applied it with a fraudulent and dishonest purpose."

In High on Injunctions (§ 1069) it is said: "The protection afforded by courts of equity against the infringement of trade marks is not dependent upon any exclusive right to a particular name or to a precise form of words. The right to relief is rather dependent upon the necessity of extending protection against the commission of fraud, and this fraud may consist in the use of a name to which defendant is entitled, if such use be coupled with other circumstances rendering it an infringement of complainant's rights." In *Lee* v. *Haley* (L. R. [5 Ch. App. Cas.] 161) it is said that "the principle upon which the cases on this subject proceed is, not that there is property in the word, but that it is a fraud on a person who has established a trade, and carries it on under a given name, that some other person should assume the same name, or the same name with a slight alteration, in such a way as to induce persons to deal with him in the belief that they are dealing with the person who has given a reputation to the name." In *Lea* v. *Wolf* (46 How. Pr. 159) it is said: "Where words or names are in common use, no one person can claim a special appropriation of them to his peculiar use; but where words, and the allocation of words, have, by long use, become known as designating the article of a particular manufacturer, he acquires a right to them, as a trade mark, which competing dealers cannot fraudulently invade. The essence of the wrong is the false representation and deceit. When the improper design is apparent, an injunction should be issued. In such cases injunctions have been sustained, though the name of a place, or of a celebrated person, were within the trade mark protected by the injunction."

In *Evans* v. *Von Laer* (32 Fed. Rep. 153) it was held that the plaintiff would be protected in the use of a geographical name in case there was fraud on the part of defendant, and the case of *Columbia Mill Company* v. *Alcorn* (150 U. S. 460) does not lay down a contrary rule.

In the present case the Special Term, from the papers before it, had a right to assume that the defendant was not in good faith using the name " Deer River " as indicating the place of manufacture; that he did not obtain, on his purchase from the plaintiff Gebbie, the good will of the business, but bought the property for another purpose as he represented when he bought it; that he surreptitiously obtained the patterns of the plaintiffs, or duplicates, and made his plows therefrom, and was in the attitude of committing, or attempting to commit, upon the plaintiffs a fraud by inducing persons to deal with him under the belief that they were dealing with the person, or the true representatives of the person, who had given a reputation to the name, and that he in substance falsely represented to the public and to plaintiffs' customers that he owned the good will of the business. In this view of the case, and in the light of the authorities referred to, it should not be said that the Special Term erred in declining to vacate the injunction. The discretion of the Special Term in the matter (*Hudson River Tel. Co.* v. *W. T. & R. Co.*, 121 N. Y. 397) should not be interfered with.

HARDIN, P. J., and MARTIN, J., concurred.

Order affirmed, with ten dollars costs and disbursements.