92   69
14ap627
92h  65
49ad574

THE TUERK HYDRAULIC POWER COMPANY, Respondent, *v.* FRED-
ERICK W. TUERK, JR., and Others, Appellants.

*Trade marks and names — confusing similarity — injunction without damages —
exceptions to evidence in equity actions.*

A manufacturer has a right to distingush his goods by a peculiar mark or device and is entitled to equitable relief by injunction against one who adopts a simi-lar device, which is calculated to deceive a purchaser exercising ordinary caution.

Where a company adopts the name of " The Tuerk Water Motor Company," the adoption by other persons of the name " The Tuerk Water Meter Company " is improper and is calculated to deceive the public.

FOURTH DEPARTMENT, DECEMBER TERM, 1895.          [Vol. 92.

Where a company has, for advertising purposes, adopted a design, representing a girl operating a sewing machine with the help of a motor, the court will prevent by injunction other persons from adopting and circulating a similar design as an advertisement of a machine also calculated to furnish power to run sewing machines by water.

The fact that in an action brought to restrain the defendants from using a name and advertisements similar to the plaintiff's, no damages were awarded to the plaintiff does not prevent the court from issuing an injunction restraining the defendants from such practices.

In an equity action, exceptions to evidence should be disregarded unless the appellant can show that injustice has been done upon the whole case or that the ruling complained of may have affected the result.

APPEAL by the defendants, Frederick W. Tuerk, Jr., and others, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Onondaga on the 17th day of August, 1891, upon the report of a referee.

In the judgment in this action it was adjudged "that the defendants Frederick W. Tuerk, Jr., John Hunter and James C. Hunter, and each of them, be and they are hereby perpetually enjoined and restrained from using the name of 'The Tuerk Water Meter Company,' or any other substantial imitation of the name 'The Tuerk Water Motor Company,' and from printing, publishing, issuing or circulating any of the cuts, pictures, prints or printed matter used by the plaintiff in its catalogue or circular prior to the formation of the defendants' firm, or any substantial imitations thereof."

This judgment is in accordance with the conclusion of law found by the referee. The referee found as matter of fact "that the adoption by the defendants of their said firm name, their location at Syracuse, and using and circulating of the said circulars and cards were for the purpose and were intended or calculated to represent to the public that the motors sold by the defendants were those of the plaintiff's, and to confound the identity of the business carried on by the plaintiff and that of the defendants; that the similarity of the names of the plaintiff as known to the trade — such name being 'The Tuerk Water Motor Company' — and that adopted by the defendants is sufficient to deceive or mislead the ordinary purchaser in the exercise of ordinary care and caution; that the use by the defendants of the co-partnership name adopted by them would tend to falsely represent the manufacture or proprietorship of the goods

manufactured by them, and to confuse the same with those of the plaintiff."

No damages were allowed to the plaintiff. An injunction was authorized in the language substantially found in the quotation already made from the judgment, with costs of the action.

*Wilson, Kellogg & Wells,* for the appellants.

*William B. Ellison,* for the respondent.

HARDIN, P. J. :

Having carefully read the evidence found in the appeal book, the conclusion is reached that the findings of fact made by the learned referee are sustained by the testimony offered before him at the trial. We think the evidence indicates very clearly that the use by the defendants of the name "The Tuerk Water Meter Company," and the practices in respect thereto adopted by the defendants, led to confusion arising from its similarity to the name of the motor of the plaintiff, and that the similarity was such as to cause persons dealing in the article to suppose it to be the same as that manufactured by the plaintiff.

In *Amoskeag Manufacturing Company* v. *Spear & Ripley* (2 Sandf. 599) it was held that every manufacturer has an unquestionable right " to distinguish the goods that he manufactures or sells by a peculiar mark or device, in order that they may be known as his in the market for which he intends them, and that he may thus secure the profits that their superior repute as his may be the means of gaining."

In *Colman* v. *Crump* (70 N. Y. 573) it was said : "It is not necessary that the symbol, figure or device used or printed and sold for use should be a *fac simile,* a precise copy, of the original trade mark, or so close an imitation that the two cannot be distinguished except by an expert, or upon a critical examination by one familiar with the genuine trade mark,  *  *  *  if the resemblance is such as to deceive a purchaser of ordinary caution, or if it is calculated to deceive the careless and unwary, and thus to injure the sale of the goods of the proprietor of the trade mark, the injured party is entitled to relief." A similar doctrine was stated in *Tallcot* v. *Moore* (6 Hun, 106).

In *Popham* v. *Cole* (66 N. Y. 69) it was held that when ordinary attention on the part of customers will enable them to discriminate between the trade marks of different parties, the court will not interfere.

We think the evidence in this case warranted the referee in finding that the case before him came within the rule of law which the cases we have referred to support.

We think the contention of the defendants is not aided by the case of *Forney* v. *Engineering News Pub. Co.* (10 N. Y. Supp. 814), as in that case there was no evidence showing actual confusion in any instance from the claimed similarity in names.

The referee found that prior to the spring of 1886, Frederick W. Tuerk, Jr., was in the employ of the plaintiff and had charge of the preparation of catalogues and circulars for the plaintiff, and that he frequently used as an illustration the picture of a girl seated by an open window operating a sewing machine with the help of a motor, and in connection with this picture a statement purporting to have been made by a government official at Washington, that women should not be permitted to run sewing machines in the ordinary way. Thereafter the referee found that in the spring of 1886 Frederick W. Tuerk, Jr., severed his connection with the plaintiff and entered into a partnership with the defendants under the style of " The Tuerk Water Meter Company," and that the partnership had its place of business at Syracuse, N. Y. And that although the partnership was organized for the purpose of manufacturing a water meter, invented by Tuerk, no meters were actually made or sold, and that sometime prior to December, 1886, the co-partnership began the manufacture of a water motor similar in general appearance to that of the plaintiff. After such facts were found by the referee in his report, we think it was entirely proper upon the evidence before him to find that the defendants soon thereafter issued and circulated to the public illustrated catalogues advertising the manufacture and sale by the Tuerk Water Meter Company of a water motor called " Tuerk's New Water Motor ; " and that upon the motor itself it was designated as the " Tuerk Motor, Syracuse, N. Y." That in the circulars issued there appeared a cut or picture of a girl at a sewing machine beside a window with a motor bearing the name " Tuerk Motor " so similar to that theretofore used

by the plaintiff and heretofore mentioned "as to be indistinguishable without comparison." That these circulars were followed by several others also issued and published by the defendants and containing the same picture and testimonial. Upon the facts found by the learned referee we think his conclusion of law was correct wherein he states that the plaintiffs were entitled to judgment "restraining the defendants and each of them from using the name of 'The Tuerk Water Meter Company' or any other substantial imitation of the name 'The Tuerk Water Motor Company,' by which the plaintiff is generally known, or from printing, publishing, issuing or circulating any of the cuts, pictures, prints or printed matter used by the plaintiff in its catalogues or circulars, prior to the formation of the defendants' firm or any substantial imitations thereof." (*Newman* v. *Alvord*, 51 N. Y. 189; *Amoskeag Manufacturing Company* v. *Garner*, 54 How. Pr. 298; *Gebbie* v. *Stitt*, 82 Hun, 93; *DeLong* v. *DeLong Hook & Eye Co.*, 10 Misc. Rep. 577; *Higgins Company* v. *Higgins Soap Co.*, 144 N. Y. 462.)

We are of the opinion that the omission of the referee to find damages against the defendants furnishes no reason for withholding an injunction. The same conclusion was stated in *Amoskeag Manufacturing Co.* v. *Garner* (*supra*) near the close of the opinion.

Nor do we see any error available to the appellants in the refusals of the referee to find in accordance with certain requests made by the defendants. (*Crim* v. *Starkweather*, 136 N. Y. 635; *Galle* v. *Tode*, 26 N. Y. Supp. 638.)

Several exceptions were taken during the trial to the referee's admission and rejection of evidence. After careful attention to them we have discovered none which requires us, under the rule applicable in equity cases, to interfere with the conclusion reached by the referee. (*Galle* v. *Tode*, 74 Hun, 542.)

This action was on the equity side of the court, and in *Donovan* v. *Clark* (138 N. Y. 631) it was said: "In such cases exceptions to evidence should be disregarded, unless the appellant can show that injustice has been done upon the whole case, or that the ruling complained of may have affected the result."

The foregoing views lead to an affirmance.

MERWIN and PARKER, JJ., concurred.

Judgment affirmed, with costs.