INVESTOR PUB. CO. OF MASSACHUSETTS v. DOBINSON et al.

(Circuit Court, S. D. California. July 9, 1897.)

No. 632.

TRADE-NAMES—USE OF SIMILAR NAME—RIGHT TO INJUNCTION.

A corporation is not entitled to an injunction restraining another corporation from using the same corporate name, or from publishing a periodical having a name similar to one published by complainant, where defendant is incorporated, and its paper published in a state distant from complainant, and the names are used with distinguishing characteristics which render injury to complainant therefrom improbable, in the absence of proof that such injury has actually resulted.

Suit by the Investor Publishing Company of Massachusetts against G. A. Dobinson and the Investor Publishing Company for an injunction and accounting. Heard on bill and answer and agreed statement of facts.

Wells & Lee and Works & Lee, for complainant.
Sheldon Borden, for defendant.

WELLBORN, District Judge. This is a suit for an injunction and an accounting. The bill alleges: That the plaintiff is a corporation formed and existing under the laws of the state of Massachusetts, and the defendant company a corporation formed and existing under the laws of the state of California; that for more than five years last past plaintiff has published, and still publishes, in the city of Boston, state of Massachusetts, in the city of New York, state of New York, and in the city of Philadelphia, state of Pennsylvania, a weekly trade and financial journal, named "United States Investor"; that said paper, under said name, has become widely and favorably known throughout the United States, Canada, the republic of Mexico, England, the continent of Europe, and Australia, and that plaintiff has also become widely and favorably known throughout said territory; "that defendant the Investor Publishing Company of California, on or about the 14th day of March, 1894, at the city of Los Angeles, state of California, began the publication of a trade and financial journal under the name of 'The Investor,' and the defendant G. A. Dobinson is the editor in chief of said trade and financial journal. And your orator charges that defendants, by adopting the name of 'The Investor' for such paper, and by printing at the head of its editorial column the words 'Published by the Investor Publishing Company, Incorporated,' the same as your orator's corporate name, has thereby diverted the trade belonging to your orator; that this similarity in the names has produced great

confusion in plaintiff's business, and is depriving your orator of the benefit of the reputation acquired by the high character and popularity obtained by your orator among investors and advertisers throughout the United States and elsewhere, whereby your orator has been and is greatly damaged. And your orator further says that he fears, and has reason to fear, that said defendant will continue to use the name and style of 'The Investor Publishing Company,' and will continue to publish the said trade and financial journal under the name of 'The Investor,' and thereby cause irreparable injury to your orator's exclusive right to the corporate name 'The Investor Publishing Company,' and to its exclusive right to the name of 'United States Investor.'" The bill prays that defendant may be decreed to account for and pay over the income and profits unlawfully derived from the violation of plaintiff's rights, and also for an injunction from the further use of the names 'The Investor' and 'The Investor Publishing Company,' or any imitation thereof.

The answer denies, for lack of information and belief, the allegations of the bill as to the corporate existence of plaintiff, and as to the publication circulation, and reputation of the journal mentioned in said bill; admits that defendant is a corporation existing under the laws of the state of California, and that on the 14th day of March, 1894, it began the publication of a trade and financial journal, under the name of "The Investor," and that defendant Dobinson is the editor in chief of said journal, and has been ever since said date; denies that there has been, through any act of the defendants, any diversion of or confusion in plaintiff's trade or business, or that the plaintiff has been thereby greatly or at all damaged; denies that plaintiff fears, or has any reason to fear, that defendants will continue to use the name and style of the "Investor Publishing Company" in connection with the publication of its journal. The answer then avers as follows:

"And these defendants further say that the allegations of complainant's bill relating to the use by the defendants of the corporate name of the 'Investor Publishing Company' and of the name of 'The Investor' for the defendants' said journal, and to the publication by defendants at the head of the editorial column in the said last-mentioned paper of the words 'Published by the Investor Publishing Company, Incorporated,' are, and each of them is, untrue, except as hereinafter expressly set forth and admitted. These defendants further say that at the time of the incorporation of the Investor Publishing Company as aforesaid these defendants were not aware of the existence of the complainant as a corporation, and had no knowledge or notice of the complainant's existence, or of its said newspaper, to wit, 'The United States Investor.' And these defendants say that the name adopted for their said newspaper, to wit, 'The Investor,' is, and ever since its first publication has been, published at the head of the first page of said last-mentioned journal in the following form, to wit:

"THE INVESTOR.
"A Financial Guide to Southern California,
"AND WEEKLY JOURNAL OF FINANCE, INSURANCE, AND TRADE.
"LOS ANGELES, CAL., ———, 189-.

"And these defendants further say that the said name so published and circulated by it at the head of its said journal in no way resembles the name adopted by complainant, to wit, 'United States Investor,' and that the said title page of defendant's journal in no way resembles the title page of com-

plainant's journal, and is in no way calculated to produce confusion between the two journals. Defendants admit that on the interior page, known as the 'editorial page,' of their said journal, The Investor, they commenced the publication of the words, 'Published by the Investor Company, Incorporated,' but they allege and show that such publication was, on April 4, 1894, three weeks after the initial publication of the said journal, changed so as to read as follows: 'Published by the Investor Publishing Company, of Los Angeles,' and that said form of words was continued until December 12, 1894, at which time, in order to avoid any possible conflict with the complainant, these defendants discontinued the publication of the corporate name 'The Investor Publishing Company' in connection with its said journal, and substituted the words, 'G. A. Dobinson, Editor,' and they have ever since continued the publication of their said journal in that form, and without the use of the said corporate name in any manner in connection with the said publication. And these defendants further say that ever since the first publication of their said journal they have published, at the head of the said editorial page, the name, purpose, and place of publication of their said journal, in the following form, to wit:

" 'THE INVESTOR.

" 'A Financial Guide to Southern California, and Weekly Journal of Finance, Insurance, and Trade. Published every Thursday at 4–5 Bryson Block, Los Angeles, California. * * * Entered at the post-office at Los Angeles, California, for transmission through the mails as second-class matter.'

"And these defendants further say that they have not at any time infringed the rights of the complainant to the use of the name 'United States Investor,' or in any manner diverted or received any portion of the receipts or profits which the said complainant might or would have received or derived from its said journal; and these defendants further say that they have not, nor has either of them, sought in any manner, directly or indirectly, to interfere with the rights of the complainant, if any it has, or to divert or appropriate any portion of the income or profits of complainant in the publication of its said journal or otherwise, and they deny that they have in any manner copied or imitated the form or style of the complainant's journal, or that the resemblance between the said journals, or between the captions, title pages, or editorial columns, is sufficient or would be likely to deceive or mislead any customer of the respective journals; and they deny that any portion of the complainant's reputation, popularity, receipts, or income have been diverted by these defendants by the publication of their said journal, The Investor, or otherwise, or at all."

The facts are stipulated in writing by the parties, as follows:

"(1) That the plaintiff in the above-entitled action, to wit, Investor Publishing Company of the State of Massachusetts, was incorporated under the laws of the state of Massachusetts, on or about the 10th day of November, 1891, under the corporate name of 'Investor Publishing Company.' That ever since the 10th day of November, 1891, the said plaintiff, under said corporate name of 'Investor Publishing Company,' has published in the city of Boston, state of Massachusetts, in the city of New York, state of New York, and in the city of Philadelphia, state of Pennsylvania, a weekly trade and financial journal named 'United States Investor.' That a copy of said 'United States Investor' is hereunto attached, showing the form in which said journal has been published during all of said time. That the said paper, under said name, has been widely and generally circulated throughout the United States, Canada, the republic of Mexico, England, the continent of Europe, and Australia, and the said Investor Publishing Company aforesaid has also become widely and favorably known through said territory; and it was at all times published in said paper that it was published by the 'Investor Publishing Company,' plaintiff aforesaid.

"(2) That the defendant the Investor Publishing Company became incorporated under the laws of the state of California on or about the 13th day of February, 1894, under the corporate name of 'The Investor Publishing Company.' That the said defendant the Investor Publishing Company, on the 14th day of March, 1894, at the city of Los Angeles, state of California, began the

publication of a trade and financial journal under the name of 'The Investor.' That the defendant G. A. Dobinson at all times has been, and is now, the editor in chief of said last-named trade and financial journal. That at the time of the adoption of said corporate name for said defendant Investor Publishing Company, and of the name 'The Investor' for said journal, none of the stockholders, officers, or directors of said corporation had any knowledge or information, nor had said defendant G. A. Dobinson any knowledge or information, of the existence of the plaintiff corporation, or that it was or had been publishing the said 'United States Investor,' or any other journal whatsoever.

"(3) That the defendant's said newspaper, in its first number, so issued on the 14th day of March, 1894, published its name at the head of the first page thereof, in the following form, to wit:

" 'THE INVESTOR.

" 'A Financial Guide to Southern California,

" 'AND WEEKLY JOURNAL OF FINANCE, INSURANCE, AND TRADE.

" 'LOS ANGELES, CALIFORNIA, MARCH 14, 1894.'

"That on page 6 of said newspaper so published as aforesaid, at the head of its editorial column, it published its name in the following form:

" 'THE INVESTOR.

" 'A Financial Guide to Southern California,

" 'AND WEEKLY JOURNAL OF FINANCE, INSURANCE, AND TRADE.

" 'Published by

" 'THE INVESTOR PUBLISHING COMPANY.

" '(Incorporated.)

" '4 & 5 Bryson Block, Los Angeles, California.

" 'G. A. DOBINSON, EDITOR.'

"That at the top of each of the pages of said newspaper so published as aforesaid by the defendants were the words, 'THE INVESTOR.' That a copy of said journal, 'The Investor,' marked 'A,' is hereunto attached, showing the form in which said journal was published from March 14, 1894, to March 28, 1894, being the first three publications of said journal.

"(4) That in each of said three issues of said defendants' newspaper aforesaid, which was issued weekly from and after the said 14th day of March, 1894, until the 28th day of March, 1894, the matter hereinbefore recited as having been published on the first page of said newspaper and on the sixth page thereof, and at the head of each page, was continued to be published as hereinbefore stated. That on the 28th day of March, 1894, said defendants were for the first time informed of the existence of the plaintiff corporation, and learned for the first time that plaintiff was publishing said 'United States Investor,' or that said last-mentioned journal was in existence. That such information was obtained through a letter from the plaintiff, complaining that defendants were infringing plaintiff's right to the use of the corporate name of 'The Investor Publishing Company,' and demanding that defendants desist from using said corporate name in connection with the publication of said journal, 'The Investor.' That, after receiving said letter, to wit, in its issue of April 4, 1894, the defendants changed the lines at the head of the editorial column on page 6 of said paper, 'The Investor' by adding thereto, after the words

" 'Published by

" 'THE INVESTOR PUBLISHING COMPANY,'

—the words

" 'OF LOS ANGELES.'

"That thereafter the said journal was continued to be published weekly and every week, with the said last-mentioned change (and no other) in the lines at the head of its columns, until and including the issue of December 5, 1894. That a copy of said journal, 'The Investor,' marked 'B,' is hereunto attached, showing the form in which said journal was published during said last-mentioned period, viz. from and including April 4, 1894, to and including December 5, 1894. That on the 10th day of December, 1894, and prior to the commence-

ment of this action, defendants altered the lines at the head of its said editorial column in type by omitting therefrom the words, 'Published by the Investor Publishing Company of Los Angeles,' and substituting in lieu thereof the words, 'G. A. Dobinson, Editor,' but such change was not printed or published until the next regular weekly edition of said journal, which was issued on December 12, 1894. That since said last-mentioned date ·the defendants have continued the publication of their said journal without the use in its columns of the words, 'Investor Publishing Company.' That a copy of said journal, 'The Investor,' marked 'C,' is hereunto attached, showing the form in which said journal was published on December 12, 1894, and in which it has ·ever since been published.

"(5) That said defendants' journal has been widely and generally circulated, since its publication, throughout the states of the United States.

"(6) That said defendants' journal has been issued and published, since the commencement of the publication thereof, once a week, every week, to wit, on Thursday of each week.

"(7) That this action was commenced by the filing of plaintiff's bill of complaint herein on the 11th day of December, 1894."

To said stipulation are attached the exhibits therein mentioned.

The equitable principles, as I understand them, applicable to the case made by the bill, are set forth in my opinion overruling demurrer, filed February 24, 1896, and reported in 72 Fed. 603. Defendants, however, insist that the case. as shown by the agreed statement of facts, is materially different from that made by the bill in several particulars; among others, the following: That from said statement of facts, but not the bill, it appears that the typographical devices, forms, and appearances of the two journals are wholly dissimilar; that these words on the first page of defendants' journal: "A Financial Guide to Southern California, and Weekly Journal of Finance, Insurance, and Trade. Los Angeles, Cal.," and on the editorial page, "4 and 5 Bryson Block, Los Angeles, Cal. G. A. Dobinson, Editor," —are characteristic marks, which do not appear upon plaintiff's journal; that, on April 4, 1894, to still further distinguish their journal from plaintiff's, defendants added to the headline on the editorial page of their journal the words, "of Los Angeles, Cal."; that, although defendants' journal was published for many months prior to the commencement of this suit, no injury or damages of any kind were sustained by the plaintiff, no confusion produced in its business, and none of its trade diverted, nor its high character impaired. These particulars, except the last, are summarized thus in defendants' brief:

"When it is considered that the defendants' publication is issued on the extreme western coast of the United States, and that the plaintiff's journal, bearing a different name, printed in different type, and in a different form, is issued on the extreme eastern coast thereof; that the two journals distinctly indicate the places of publication; and that the defendants' journal bears all the distinguishing marks hereinbefore enumerated; and that the corporate name, as used by us, is distinctly limited and designated by the addition of the words 'of Los Angeles,' in type of equal size,—we submit that no cause of action is made out, and that injunction should be denied."

After much consideration, I am satisfied that the addition of the words, "of Los Angeles, Cal.," to the headline on the editorial page of defendants' journal, and the other above-mentioned distinguishing characteristics of said journal, together with the absence of any evidence of damage or injury to complainant, do present a case materially different from that made by the bill. While it is unquestion-

ably true, as stated in my former opinion on demurrer (72 Fed. 606), that the courts will protect a corporation in the use of its name, still it is equally true that there is no need of such protection when the corporation complained against, although adopting and using the same name, does so under such circumstances and in such a locality as not to interfere with the former corporation's prior right to the use of the name. In the case at bar there is no proof whatever sustaining complainant's rights, asserted in the bill, to damages or an accounting. Indeed, this part of the relief prayed for is abandoned. To this feature of the case the following quotation is peculiarly applicable:

"The rule which governs adjudications in respect to questions such as that presented by the case at bar is reasonably plain, and it is distinctly held that such a similarity of names as is likely to produce confusion in the minds of ordinary unsuspecting persons will be restrained. Therefore the question involved in this case is, was there such a similarity of names? We might indulge in speculation in reference to the likelihood of confusion arising from similarity of these names in the conduct of business, and that such similarity was calculated to deceive and impose upon the public and upon the purchasers of goods of the character in which the parties to this action were accustomed to deal. But the most satisfactory evidence in reference to the results likely to follow from alleged similarity is evidence of actual cases in which such deception and imposition has occurred. In the case at bar attempts have been made to show that confusion has arisen from the alleged similarity of names; but it is singularly barren of evidence showing that a single customer has been lost to the plaintiff by reason thereof, or any satisfactory evidence that a single person has been deceived into calling in the one store when he intended to visit the other. * * *" Richardson & Boynton Co. v. Richardson & Morgan Co. (Sup.) 8 N. Y. Supp. 53.

The controlling influence of the circumstance that the two journals are published in localities widely distant from each other, with proper words to denote the locality of each, is presented, it seems to me, with unanswerable force in the following extract:

"It is difficult, if not impossible, to formulate any general principle which will be equally applicable to all, or by which all can be rendered consistent or reconcilable; nor is it necessary, as the conflict between them is apparent only, and not real. A name, whether of an individual or corporation, as well as any other mark or symbol, will be protected in a proper case; and that irrespective of whether such name is an arbitrary one or not, if the other considerations entitling it to such protection are present. It is evident, on the other hand, that the use of the same name would not be enjoined where the parties were doing a business thereunder entirely dissimilar and distinct; as, for instance, where one represented a banking business and another a locomotive works. Nor could the first national bank established enjoin every other bank from using the name 'First National Bank,' nor could the Mechanics' National Bank of New York enjoin the Mechanics' National Bank of New Jersey, nor the Fulton Bank of New York, the Fulton Bank of Brooklyn. And yet, if a bank like the Chemical Bank of New York, or any other bank, had acquired in the particular city a valuable interest or proprietary right in the name, the court would not hesitate to enjoin another bank of the same name from doing business in the same city, to its detriment, and the confusion of the public." Farmers' Loan & Trust Co. v. Farmers' Loan & Trust Co. of Kan. (Sup.) 1 N. Y. Supp. 47.

See, also, State v. McGrath, 92 Mo. 355, 5 S. W. 29, and Trust Co. v. Nine (Neb.) 43 N. W. 348.

In Koehler v. Sanders, 122 N. Y. 65, 25 N. E. 235, plaintiffs claimed an infringement of their firm name, "International Banking Company;" but the court denied relief, partly on the ground that the defendants, Edward Sanders & Co., did not employ the designation objected to by plaintiffs, "International Bank," in such way as to confuse their business with that of plaintiffs, for the reason that defendants expressly advertised the "International Bank" as that of Edward Sanders & Co. That case is in perfect harmony with the doctrine—which, undoubtedly, must be correct—that, where one corporation adopts the name of another corporation already in existence, but uses it in a place and with distinguishing characteristics which render it improbable that injury could thereby result to the latter corporation, such use of the name will not be enjoined, in the absence of proof that injury has actually resulted therefrom.

In the unreported case of Investor Pub. Co. v. Simons, in the circuit court of the Western district of Missouri, cited by me in 72 Fed., at page 610, the defendant. in the publication of its journal called "The Investor," used the phrase "The Investor Publishing Company" (which was a pseudonym, the defendant not being a corporation), without any additional words or marks, so far as the record discloses, distinguishing it from complainant; and, furthermore, employed other words which were used by complainant's journal, and set forth in complainant's bill, as follows:

"That, although the first publication by defendant of his paper styled 'The Investor' was made on the —— day of ——, 18—, said paper has the words printed thereon, 'Volume IV., No. 28.' That the volume of the 'United States Investor' now being published by your orator is 'Volume IV.'; and your orator charges that the defendant, by adopting the firm name the same as your orator's corporate name, and by pretending that the issue of his paper has now reached the fourth volume, is fraudulently deceiving the public, and thereby diverting the trade belonging to your orator," etc.

Besides, the record does not show that there was any contradiction of the allegations of the bill as to complainant's damages. That precedent, therefore, while it supports the case made by the bill in the present suit, fails wholly to meet the case presented by the agreed statement of facts herein. For the reasons above indicated, I am satisfied that the stipulated facts do not entitle the plaintiff to any relief, and the bill will be dismissed.