### GANNETT v. RUPPERT.

#### (Circuit Court, S. D. New York. September 5, 1902.)

#### No. 4,770.

1. TRADE-NAMES—TITLE OF PERIODICAL—RIGHT TO PROTECTION AGAINST INFRINGEMENT.

The publisher of a periodical has a property right in its name which a court of equity will protect against infringement by the use by another of such name, either alone or with other words, as the name of a similar publication, whenever damages are caused by such use; but it is essential to the right to relief that the adoption of the name by defendant should have been with intent to deceive, or that its use by him is calculated to deceive persons of ordinary intelligence and care, and thereby cause injury to complainant.

2. SAME—PERIODICALS NOT COMPETING.

Complainant published in Maine a periodical under the name of "Comfort," which circulated chiefly in country districts, and contained stories and advertisements of concerns desiring to reach that class of readers. Later defendant started a periodical which he named "Home Comfort." It was published in New York, and treated of the care and hygiene of infants, and its advertising matter was largely of a different character from that of complainant's publication. The two publications were different in size, appearance, and price, and there was no evidence of any intention on the part of defendant to deceive either purchasers or advertisers. Held, that the two publications were not in fact competitors, and that complainant was not entitled to an injunction restraining defendant from using the word "Comfort" in the name of his paper, in the absence of proof that deception or confusion actually resulted to his injury.

In Equity. Suit to enjoin infringement of trade-name. On final hearing.

Archibald Cox, for complainant.
James D. Fessenden, for defendant.

HAZEL, District Judge. This suit was commenced to enjoin the use of a trade-name and to recover damages for its infringement. The predecessor of the complainant corporation in the year 1888 began the publication of a monthly periodical to which was given the name or title "Comfort." It is still so known. The name had not been previously used for any other publication, and the use thereof

since its adoption has been uninterrupted and exclusive by the complainant and its predecessor. Large sums of money have been expended to improve "Comfort's" appearance and increase its circulation. Its principal readers and subscribers reside in rural localities. On account of the extensive circulation which it has acquired, "Comfort" is a valuable advertising medium for the sale of articles and proprietary drugs. It obtains for advertising space quite large remuneration. Every issue contains 24 pages, of four columns each, the size of the page being 11½ by 17 inches. It publishes short stories contributed by its subscribers, abridged current events, and reproduces pictures of prominent men, with short biographies. "Comfort" principally aims to attain distinction as a widely circulated monthly periodical among country folk and to satisfy the advertiser. It is published at Augusta, Me. Its name is printed at the head of the title page in red letters, horizontally cut by a yellow key, which passes through the letters all on one line. Underneath the title appear in explanation the words, "The Key to a Million Homes." The bill, after charging that the defendant intentionally and fraudulently publishes a monthly periodical the name or title of which is "Home Comfort," invokes the power of this court to restrain defendant from appropriating the word "Comfort" in connection with the name or title to his periodical. The defendant, by his answer and proofs, contends that his use of the words "Home Comfort" as the name or title of his publication is lawful, and further avers substantially that his periodical differs from the complainant's to such an extent that no person is deceived or led to purchase defendant's periodical intending to purchase that of complainant. The adopted name has not been registered. A common-law trade-name is sufficiently established. The parties to this suit are residents of different states. The complainant is incorporated under the laws of the state of Maine, and it has offices in Augusta, Boston, and Temple Court, New York. The defendant is a resident of New York City, and conducts his business in that city at No. 114 Fifth avenue. I think the crucial test in this case must be whether the proofs justify the finding by the court that the periodical "Home Comfort" is a similar publication to that of complainant, and whether its distribution under that name deceives the public, and inflicts injury upon the complainant, owner of "Comfort." It has been repeatedly held by the courts of the United States and of the state of New York that there is a property right in a name which may be protected by a court of equity. Complainant is entitled to his trade-name as applied to his periodical, and may avail himself of the same remedies to enforce his rights that are open to a tradesman whose goods have become distinctively known to the public by the use of a technical mark or name which differentiates them from the goods of another of like kind. Sebastian, Trade-Marks (4th Ed.) 291. The foundation of complainant's claim lies in priority of appropriation and exclusive right to a trade-name as applied to a publication. A trade-mark as applied to a periodical or publication is somewhat different from a mark, name, or symbol by which the products of a particular merchant may become known. Names, however, which are ordinarily used to make periodicals, mag-

azines, and newspapers known to the public are governed by the same general principles which apply to a trade-mark actually affixed to an article of manufacture and sale, and adopted to denote origin and ownership. A court of equity will interpose to protect such right whenever damages are caused by the infringement. Sebastian, Trade-Marks, 291; Fairbanks Co. v. Luckel, King & Cake Soap Co., 42 C. C. A. 376, 102 Fed. 327. Such names as "Chronicle" (46 Law T. [N. S.] 897), "Mail" (54 Law J. Ch. 1059), "Post" (37 Ch. Div. 449), "Advocate" (Snowden v. Noah, Hopk. Ch. 347, 14 Am. Dec. 547), "News" (Forney v. Publishing Co. [Sup.] 10 N. Y. Supp. 814), "Commercial" (Association v. Haynes, 26 App. Div. 279, 49 N. Y. Supp. 938), when applied to newspapers and periodicals, have been held not to be infringed, because the right to the use of the name was invoked without proof of deception or injury to the original user of the name. In the case of Association v. Howard (C. C.) 60 Fed. 270, it was held that "Social Register," compiled by its publisher with reference to the personal and social standing of certain persons residing in Orange, N. J., constituted a valid trade-mark, and the defendant having published a similar list of persons residing in the same place, which he called "Howard's Social Register," was enjoined; the court holding that the latter publication bore some resemblance to complainant's publication, and that defendant encroached upon complainant's acquired rights. It should be observed in that case that defendant's publication admittedly was a rival, and the list of persons was from the same locality. It is not enough that a complainant is able to establish that a word used as a trade-mark or name should be appropriated by another who uses that word with others to designate his periodical or magazine. A property right in a name to a periodical undoubtedly exists, and no one has a right to use that name in connection with a similar publication. The supreme court has held (Saxlehner v. Eisner & Mendelson Co., 179 U. S. 33, 21 Sup. Ct. 7, 45 L. Ed. 60) that it is not necessary to constitute an infringement that every word of a trade-mark should be appropriated. It is sufficient that enough be taken to deceive the public in the purchase of a protected article. Manufacturing Co. v. Ludeling (C. C.) 22 Fed. 823; Church & Dwight Co. v. Russ (C. C.) 99 Fed. 276. The infringement, however, must be clearly shown, the basis for which is the use of the name for a similar purpose, and under circumstances of assimilation resulting in confusion and deception upon the public which produce injury to the proprietor in the loss of custom or patronage. Snowden v. Noah, Hopk. Ch. 347, 14 Am. Dec. 547; Bell v. Locke, 8 Paige, 75, 34 Am. Dec. 371. The governing rule is well set out in Association v. Haynes, 26 App. Div. 279, 49 N. Y. Supp. 938. The court, speaking by Mr. Justice Barrett, says:

"That rule is that while the court will undoubtedly afford relief against such a simulation of the plaintiff's publication as is calculated to mislead the public, and consequently to injure the newspaper's circulaton and patronage, yet it will not interfere where no harm had been done to the plaintiff or is likely to be done to him by the publication complained of."

The court agrees with the inferior court that the "adoption of a name which, though not an exact imitation of the whole name used

by the injured party, is calculated to deceive and mislead, may be enjoined."

Applying the enunciated principles of law to the case at bar, the following question is presented for determination: Are the facts shown by complainant such as to justify the conclusion that the use of the word "Comfort" in conjunction with the word "Home," as applied by the defendant to his particular publication, tends to deceive any purchaser or advertiser of "common intelligence and observation"? Counsel for complainant contends that the rule laid down in the last-mentioned case does not apply, as in that case the name "Commercial" is descriptive, and not susceptible of monopolization; that the word "Comfort" is an arbitrary designation of complainant's periodical, and therefore the essence of the injury is the taking of the trade-mark or name by the defendant. Nevertheless, the relief sought will not be granted unless it appear satisfactorily that there was a probability of injury to complainant by which he suffered either a pecuniary loss or such embarrassment or confusion as would tend to injury. It cannot be seriously claimed there is any similarity of appearance between the two periodicals. The word "Comfort" is used in the title, but no other similarity is apparent. Defendant's witness Leonard, in addition to pointing out the dissimilarities in the two periodicals, makes clear the difference in advertising. He says: "One is a mail-order advertising sheet, one reaching people remote from the stores, who buy by mail, while the other reaches people in towns and cities, who buy from stores." The price per copy of "Home Comfort" is five cents, while that of "Comfort" is twenty-five cents per annum. Its title page is printed in blue. In the center it has an oval picture of a nude infant. Complainant's title page is highly colored,—red and yellow,—with figures of different colors. Defendant's title page announces that it is published by "W. F. Ruppert, 114 Fifth Ave., N. Y. City." It is about half the size of complainant's publication, and is devoted entirely to the publication of articles containing suggestions and advice to mothers touching infants' ailments, their nurture, and hygienic betterment. The initial pamphlet published by defendant was named "Baby's Comfort." Subsequently that name, for what reason does not appear, was changed to "Home Comfort." Defendant claims to have had the consent of complainant to the use of the title "Baby's Comfort." This, however, is denied by complainant. Assuming that he did acquiesce in the use of the title "Baby's Comfort," it, nevertheless, appears by the correspondence that passed between complainant and defendant before this action was commenced that complainant objected most strenuously to defendant's use of the name "Home Comfort" for his periodical. He repeatedly endeavored to put a stop to such use. Such acquiescence, if established, would be no excuse for infringement. Menendez v. Holt, 128 U. S. 514, 9 Sup. Ct. 143, 32 L. Ed. 526; Saxlehner v. Eisner & Mendelson Co., supra. Prior to the change of name, defendant on several occasions called at the business place of complainant to dispose of a list of names of persons to whom sample copies of his publication might be sent. These visits may have suggested to defendant "Home Comfort" as a better name

for his publication than "Baby's Comfort"; that it would more quickly appeal to intending subscribers for his periodical and better give an intimation of the contents. That is not enough. The defendant has not taken the specific name of complainant. Has the appropriation by defendant of the word "Comfort" as part of a trade-name deceived any one? Has it injured complainant? Would the title of "Home Comfort," as applied to defendant's publication, deceive an intending purchaser of ordinary intelligence in the mistaken belief that he was purchasing complainant's magazine? I have examined the testimony quite carefully to satisfy myself on this point. I do not believe, either that an intending purchaser of "Comfort" would be misled into purchasing the other periodical if he purchased with usual care, or that defendant in designating his periodical did so with intent to pass it off as that of complainant. "Home Comfort" is peculiarly interesting to its readers because of special subjects published therein which are instructive to those who have the charge and care of infants. Obviously, such a periodical falls into quite different hands than a periodical like "Comfort," which is devoted to fiction, illustrations, and advertisements, and does not contain any of the features of the former publication. These periodicals are not rival competitors. Nor is the claim tenable that advertisers in "Home Comfort" are misled into believing that they are advertising in "Comfort." Undoubtedly those who advertise in "Comfort" also advertise in other newspapers or periodicals having a circulation in the rural districts. I am convinced that no advertiser in defendant's publication is deceived into the belief he is advertising in complainant's. It appears by complainant's proofs that on several occasions letters intended for "Comfort" were addressed "Home Comfort," Augusta, Me. As these letters reached complainant in the ordinary course of mail, it cannot reasonably be claimed that any confusion was caused by the manner of addressing.

Complainant argues that the word "Comfort" has become so intimately associated with "Home Comfort" as applied to complainant's periodical that some of its subscribers address their communications to complainant by the latter designation. It does not appear that letters so addressed have been delivered to the defendant by mistake. In a few instances letters addressed to "Home Comfort" were delivered at complainant's New York office. On opening them it was ascertained that such letters were not intended for complainant, but were intended for defendant. Such mistakes often occur where the slightest similarity of name is apparent. The confusion, if such it be, is not so extensive as to be productive of injury. I am persuaded that the similarity of the names of complainant's and defendant's periodicals does not, standing alone, furnish competition or rivalry injurious either to the public or to the complainant. In the case of Publishing Co. v. Dobinson (C. C.) 82 Fed. 56, Judge Wellborn holds that a corporation is not entitled to an injunction restraining another corporation from using the same corporate name or publishing in a distant state a periodical having a name similar to one published by complainant. In that case complainant's publication was designated "United States Investor." It was a weekly trade and financial jour-

nal. **Defendant's** publication was called the "Investor." Complainant's paper was published in the cities of Boston, New York, and Philadelphia. Defendant's paper was published in the city of Los Angeles, state of California, and was also devoted to the publication of matters of trade and finance. The court became satisfied that the words "Los Angeles, California," the headline on the editorial page of defendant's journal, and other distinguishing characteristics of said journal, as well as the publication in a city distant from complainant, together with the absence of any evidence of damage or injury to complainant, presented such a state of facts as to be controlling. He refused to allow an injunction, and dismissed the bill.. In the case of American Grocer Pub. Ass'n v. Grocer Pub. Co., 25 Hun, 398, the facts are quite distinguishable from these here under consideration. In that case both papers were in pamphlet form, and of about the same size, and were addressed to similar subjects. Defendant's paper was started in the same block in New York City, and was edited by a former editor of complainant. The court said that there were strong circumstances tending to establish the fact that the original design was to encroach upon the plaintiff's business. Complainant's proofs fall short of establishing such a state of facts.

Complaint dismissed, with costs.